Theo Hanson
10831 Quail Canyon Road
El Cajon, CA 92021
(619) 920-3017
theo.hanson@yahoo.com



FILED
JUL 2 4 2019
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

JAKE NOCH, an individual,
    Plaintiff,
vs.

INDEPENDENT FILM DEVELOPMENT CORP. (IFLM), a dissolved and defunct Wyoming Corporation; and
THEO HANSON, in his capacity as the President and CEO of IFLM,
    Defendants.

CASE NO.
3:2019-CV-01327 JLS-MDD

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, Theo Hanson, who resides in the Southern District of California, and the INDEPENDENT FILM DEVELOPMENT CORP. (IFLM), a dissolved and defunct Wyoming Corporation, for Answer to Plaintiff's Complaint[1], generally and specifically deny the allegations of said Complaint. This case was removed to this Court on July 16, 2019, and the plaintiff, his counsel, and the state court were served with notice of that

---

[1] Here referring to the Complaint filed by plaintiff in the First District Court, County of Laramie, State of Wyoming, State Court Case No. 191-790.

1

removal on July 22, 2019. Plaintiff's counsel has not yet entered an appearance in this matter.

The defendants make specific answer and objection to that Complaint as follows:

1. DENIED – Defendants deny that plaintiff is a shareholder holding in excess of ten percent of the securities or a majority of the common stock. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint. Accordingly those allegations are denied.

2. DENIED – Defendants state that no response is required to Paragraph 2 of the Complaint, as same sets forth conclusions of law and allegations that are irrelevant and defamatory against each of the defendants. To the extent a response is required, defendants deny those allegations and request that they be stricken.

3. DENIED – Defendants state that no response is required to Paragraph 3 of the Complaint, as same sets forth conclusions of law and allegations that are irrelevant as to each of the defendants. Further, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff "has invested in excess of $50,000 to

acquire common stock" of the defendant corporation, IFLM. To the extent a response is required, defendants deny those allegations.

4. DENIED - Defendants lack knowledge or information sufficient to respond to Paragraph 4 of the Complaint as the defendants do not know whether plaintiff Noch is a shareholder or not. Accordingly this allegation is denied.

5. DENIED - The implication that the defendant IFLM is an active corporation is false, misleading and incomplete. Plaintiff neglects to mention that IFLM is a dissolved and defunct Nevada corporation that was simply redomiciled in Wyoming *after* it was declared to be defunct.

6. DENIED - Defendants state that no response is required to Paragraph 6 of the Complaint, as same sets forth conclusions of law and allegations that are irrelevant as to each of the defendants. To the extent a response is required, defendants deny those allegations, including the allegation that IFLM is (was) a "closed end management company".

7. ADMIT

8. DENIED - Defendants state that no response is required to Paragraph 8 of the Complaint, as same alleges amendments to corporate documents that are inconsistent with allegations found herein, and sets forth conclusions of law and allegations that are irrelevant as to each of the

3

defendants. To the extent a response is required, defendants deny those allegations.

9. DENIED – Plaintiff's allegations in Paragraph 9 that relate to his observations of various preferred stocks are inaccurate and confused. He is mistaken.

10. DENIED – Plaintiff states no response is required to Paragraph 10 of the Complaint, as same sets forth irrelevant musings and speculation of plaintiff Noch that are not allegations of fact. To the extent a response is required, the statements of plaintiff Noch are denied and should be stricken.

11. DENIED – In Paragraph 11 of the Complaint, plaintiff Noch again expresses his concern and uninformed opinion. He does not set forth allegations of fact. No response by defendants is required to Paragraph 11 as same sets forth nothing but fanciful and irrelevant musings and speculation. To the extent a response is required, the unsolicited and superfluous opinions of plaintiff Noch are denied and should be stricken.

12. DENIED – The allegations of plaintiff in Paragraph 12 relating to voting blocks and shares have no factual basis. Plaintiff just made it up. Accordingly, this allegation is unequivocally denied.

13. DENIED – The statement by plaintiff in Paragraph 13 is not an allegation of fact. His statement that defendant Hanson "harbored an ulterior motive" is objected to as being vague and conclusionary. To the extent a response is required, defendants deny those statements.

14. DENIED – On June 3, 2019 defendant Hanson informed plaintiff Noch and his attorneys that he (Hanson) had contracted to purchase Class A and Class AA preferred stock and acquire "super voting rights" to the exclusion of common shareholders. Plaintiff Noch did not even raise the issue of "super voting rights" until June 18, 2019, well after Hanson had already acquired those shares. Accordingly, the allegations of the plaintiff in Paragraph 14 are false and misleading and must be denied.

15. DENIED - Defendants state that no response is required to Paragraph 15 of the Complaint, as same sets forth conclusions of law and allegations that are irrelevant and defamatory against each of the defendants. To the extent a response is required, defendants deny those allegations and request that they be stricken.

16. DENIED - Defendants state that no response is required to Paragraph 16 of the Complaint, as same sets forth conclusions of law and allegations that are irrelevant and defamatory against each of the

defendants. To the extent a response is required, defendants deny those allegations and request that they be stricken.

17. DENIED

18. DENIED

19. DENIED - The books and records referred to by plaintiff in Paragraph 19 of his complaint are all public documents readily available for inspection by the plaintiff. IFLM is dissolved and defunct. The records that plaintiff seeks either do not exist or they are readily available to the plaintiff.

20. DENIED - The books and records referred to by plaintiff in Paragraph 20 of his complaint are all public documents readily available for inspection by the plaintiff. IFLM is dissolved and defunct. The content of any archived records speaks for itself.

21. DENIED – The plaintiff's allegations referred to in Paragraph 21 refer to a corporation that is defunct and dissolved. Plaintiff was explicitly told that if and when the records of the defunct corporation are updated, the appropriate notifications and disclosures would be made.

22. Defendant Hanson admits the receipt of a voluminous 64 page document from Noch requesting a virtual plethora of obsolete records. However, his request was premised upon the false notion that preferred classes of stock do not exist and ignores the fact that IFLM is defunct and

6

dissolved. Accordingly, plaintiff's Noch's allegation at Paragraph 22 of his complaint are irrelevant.

23. DENIED – In paragraph 23 plaintiff Noch threatens "grievous consequences if production of the requested documents is not forthcoming." Obviously, this is not an allegation of fact permitted by the Federal Rules of Civil Procedure. It is irrelevant, offensive, and should be stricken.

24. DENIED

25. DENIED –Plaintiff's counsel has filed a frivolous lawsuit with no legal or factual substance. Plaintiff Noch and his attorney have shown no entitlement to attorney fees. On the contrary, they should be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants deny that Plaintiff is entitled to the relief requested in the Complaint.

DATED: 7·24·19

Theo Hanson, Defendant

DATED: 7·24·19

Independent Film Development Corp.

By: Theo Hanson, President and CEO

7

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action upon which relief could be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants are not guilty of any negligence, wrongdoing, carelessness, recklessness, or breach of duty as implicitly contended by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to equitable or injunctive relief because the plaintiff does not have "clean hands". He who seeks equity must do equity. Plaintiff's conduct demonstrates a bad faith and dishonest attempt to swindle the defendants and innocent potential investors.

### FIFTH AFFIRMATIVE DEFENSE

At all times relevant, Defendants complied with all applicable laws, regulations and standards.

## SIXTH AFFIRMATIVE DEFENSE

The venue of this matter should be sustained in the U.S. District Court for the Southern District of California or, alternatively, be transferred or dismissed there on the basis of *forum non conveniens*.

WHEREFORE, Defendants demands judgment against Plaintiff, dismissing the Complaint with prejudice, together with Defendants' attorney's fees and costs of suit.

*/s/ Theo Hanson*
Theo Hanson, Defendant

## CERTIFICATE OF SERVICE

I, Theo Hanson, certify that I filed the foregoing DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT and that I gave notice by mail to the following:

Bruce S. Asay
Associated Legal Group LLC
1812 Pebrican Ave.
Cheyenne, WY 82001
Attorney for Plaintiff Jake Noch

Jake Noch, Plaintiff
1978 Gulf Shore Blvd. S.
Naples, FL 34102

*/s/ Theo Hanson*
Theo Hanson