# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE NOCH, an individual, <br><br> Plaintiff, <br><br> v. <br><br> INDEPENDENT FILM DEVELOPMENT CORP. (IFLM), a dissolved and defunct Wyoming Corporation; and THEO HANSON, in his capacity as the present CEO if IFLM, <br><br> Defendants. | Case No.: 19-CV-1327 JLS (MDD) <br><br> **ORDER: (1) REMANDING ACTION TO THE DISTRICT COURT, FIRST JUDICIAL DISTRICT FOR THE COUNTY OF LARAMIE, STATE OF WYOMING, AND (2) DENYING AS MOOT THEO HANSON'S MOTION TO INTERVENE** <br><br> (ECF Nos. 1, 4) |

Presently before the Court are Defendants Independent Film Development Corp. and Theo Hanson's Notice of Removal of Action Under 28 U.S.C. § 1441(a) (Diversity) ("Not. of Removal," ECF No. 1) and Defendant Theo Hanson's Motion to Intervene ("Mot.," ECF No. 4). On July 16, 2019, Defendants removed this action from the District Court, First Judicial District of the State of Wyoming, County of Laramie on the grounds that the amount in controversy exceeds $75,000 and there exists complete diversity among the parties. *See id.* ¶¶ 6–11. Although an action may be removed to "the district court . . . for the district and division embracing the place wherein it is pending," *see* 28 U.S.C. § 1442(a), Defendants improperly removed to this District rather than the United States

/ / /

1

District Court for the District of Wyoming on the grounds of forum non-conveniens. *See* Not. of Removal ¶¶ 12–14.

Although Plaintiff did not file a motion to remand, "[t]he court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, No. CV 12-08985 MMM FFMX, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012) (citing *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, it is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000, and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in

controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *accord Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (quoting *Matheson*, 319 F.3d at 1090). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson*, 319 F.3d at 1090.

Here, the underlying Complaint indicates that Plaintiff "has invested in excess of $50,000 to acquire common stock of ILFM." *See* Compl. (ECF No. 1-2 Ex. A) ¶ 3. Plaintiff also alleges that he "has incurred substantial attorneys' fees to enforce his rights," *see id.* ¶ 25, and therefore seeks "his costs and expenses in bringing this matter, including a reasonable attorney's fee." *Id.* at Prayer. Because it is not facially evident from the Complaint that the amount in controversy exceeds $75,000, it is Defendant's burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See Matheson*, 319 F.3d at 1090.

Defendants' Notice of Removal contends that removal is proper because the "unspecified damages 'in excess of $50,000' (¶ 3) plus substantial expenses, costs, and attorney fees which are asserted by [Plaintiff] herein to actually be more than $75,000, exclusive of interest and costs." Not. of Removal ¶ 6. "[As] a general rule, attorneys' fees are excludable in determining the amount in controversy because, normally, the successful party does not collect his attorneys' fees in addition to or as part of the judgment." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (quoting *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979)). But "attorneys' fees can be taken into account in determining the amount in controversy if a statute [or contract] authorizes fees to a successful litigant." *Id.* (quoting *Goldberg v. CPC Int'l Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1992), *cert. denied*, 459 U.S. 945 (1982)).

Neither the Complaint nor Defendants cite any contractual provision or statute authorizing Plaintiff to recover attorneys' fees here; accordingly, Defendant has failed to carry its burden of showing by a preponderance of the evidence that the amount in

controversy exceeds the $75,000 threshold. *See, e.g.*, *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1150 (D. Nev. 2004) ("[The defendant], therefore, has not met its burden of proving, by a preponderance of the evidence, that attorneys' fees, coupled with compensatory damages and other relief that Plaintiff seeks, would more likely than not exceed the statutory minimum.") (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996)); *Johnson v. Am. Online, Inc.*, 280 F. Supp. 2d 1018, 1026 (N.D. Cal. 2003) ("Defendant has failed to make a showing that [the plaintiff]'s claim exceeds $75,000. While it may well be true that his claim (including . . . attorney's fees) will ultimately exceed $75,000, defendant has not met its burden to demonstrate this fact by a preponderance of the evidence."). The Court therefore **REMANDS** this action to the District Court, First Judicial District for the County of Laramie, State of Wyoming and **DENIES AS MOOT** Ms. Hanson's pending Motion to Intervene (ECF No. 4).

**IT IS SO ORDERED.**

Dated: July 30, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge